# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE MANAGEMENT GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| QBE INSURANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff The Management Group, LLC ("The Management Group"), by and through undersigned counsel, files this Complaint against QBE Insurance Corporation ("QBE"), showing as follows:

### PARTIES, JURISDICTION & VENUE

1.  The Management Group is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

2.  The Management Group has the following members: (1) DCRE, LLLP; (2) DK Family Holdings, LLLP; (3) Vela Holdings, LLLP; (4) The Residential Group, LLC; and (5) Charles J. Harkness. The domicile information for these members is as follows:

2.1. DCRE LLLP is a Georgia limited liability limited partnership with its principal place of business located at 7000 Peachtree Dunwoody Road, NE, Building 14, Atlanta, GA 30328. DCRE LLLP has the following members: (1) Pablo Diego; (2) Vela Holdings, LLLP; (3) DK Family Holdings, LLLP; (4) Solero Holdings, LLLP. The domicile information for these individuals and entities is as follows:

2.1.1. Pablo Diego is a domiciled in Georgia.

2.1.2. The domicile information for Vela Holdings, LLLP and its members is provided in Paragraph 2.3 below, including subparts.

2.1.3 The domicile information for DK Family Holdings, LLLP and its members is provided in Paragraph 2.2 below, including subparts.

2.1.4 Solero Holdings, LLLP is a Georgia limited liability limited partnership with its principal office address located at 7000 Peachtree Dunwoody Road, Building 14, Atlanta, GA 30328. Solero Holdings, LLLP has the following members: (1) Belen Diego, who is domiciled in Georgia; and (2) The Belen Diego Irrevocable Trust, a trust created under the laws of the State of Georgia. The trustee for The Belen Diego Irrevocable Trust is Pablo Di-

ego, who is domiciled in Georgia. The beneficiaries for The Belen Diego Irrevocable Trust are John Paul Diego and Ana Diego Krohn, who are domiciled in Georgia.

  2.2. DK Family Holdings, LLLP is a Georgia limited liability limited partnership with its principal place of business located at 7000 Peachtree Dunwoody Road, NE, Building 14, Atlanta, GA 30328. DK Family Holdings, LLLP has the following members: (1) Ana Diego Krohn; (2) The Ana Diego Krohn Irrevocable Trust; and (3) Belen Diego, as Custodian for Jack Nicolas Krohn. The domicile information for these individuals and entities is as follows:

    2.2.1. Ana Diego Krohn is domiciled in Georgia.

    2.2.2. The Ana Diego Krohn Irrevocable Trust is a trust created under the laws of the State of Georgia. The trustee for The Ana Diego Krohn Irrevocable Trust is Pablo Diego, who is domiciled in Georgia. The beneficiaries for The Ana Diego Krohn Irrevocable Trust are Jack Krohn and Colin Krohn, who are domiciled in Georgia.

    2.2.3 Belen Diego, as Custodian for Jack Nicolas Krohn, is domiciled in Georgia.

  2.3. Vela Holdings, LLLP is a Georgia limited liability limited

partnership with its principal place of business located at 7000 Peachtree Dunwoody Road, NE, Building 14, Atlanta, GA 30328. Vela Holdings, LLLP has the following members: (1) John Paul Diego; (2) The John Paul Diego Irrevocable Trust; and (3) Abigail Ann Diego. The domicile information for these individuals and entities is as follows:

        2.3.1.        John Paul Diego is a domiciled in Georgia.

        2.3.2.        The John Paul Diego Irrevocable Trust is a trust created under the laws of the State of Georgia. The trustee for The John Paul Diego Trust is Pablo Diego, who is domiciled in Georgia. The beneficiaries for The John Paul Diego Irrevocable Trust are David A. Diego, Javier S. Diego, Roman A. Diego, Maximus W. Diego, who are domiciled in Georgia.

        2.3.3.        Abigail Ann Diego is domiciled in Georgia.

    2.4.    The Residential Group, LLC is a Georgia limited liability company with its principal place of business located at 7000 Peachtree Dunwoody Road, NE, Building 14, Atlanta, GA 30328. The Residential Group, LLC has the following members: (1) DCRE, LLLP; (2) ZMCT Investments, LLC; (3) Vela Holdings, LLLP; (4) DK Family Holdings, LLLP. The domicile information for these entities is as follows:

        2.4.1.        The domicile information for DCRE, LLLP and

its members is provided in Paragraph 2.1 above, including subparts.

        2.4.2.    ZMCT Investments, LLC is a Georgia limited liability company with its principal place of business located at 7000 Peachtree Dunwoody Road, Building 14, Atlanta, GA 30328. Its sole member is Kurt Alexander, who is domiciled in Georgia.

        2.4.3.    The domicile information for Vela Holdings, LLLP and its members is provided in Paragraph 2.3 above, including subparts.

        2.4.4.    The domicile information for DK Family Holdings, LLLP and its members is provided in Paragraph 2.2 above, including subparts.

    2.5.    Charles J. Harkness is domiciled in Georgia.

3.    Defendant QBE is a Pennsylvania corporation with its principal place of business located in Wisconsin. QBE may be served through its registered agent, Linda Bank, at the following address: CT Corporation, 289 South Culver Street, Lawrenceville, GA 30046.

4.    This Court has personal jurisdiction over QBE because it regularly transacts business in the State of Georgia, including through the issuance of the relevant insurance policy under which The Management Group's brings this action. The Court's exercise of personal jurisdiction over QBE satisfies both the

Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and the requirements of due process.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 because QBE is authorized to conduct business and does conduct business in Gwinnett County, Georgia, a substantial part of the events giving rise to this suit occurred in Fulton County, Georgia, the subject insurance policy was delivered in Georgia, and the QBE is subject to personal jurisdiction in this Court.

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the controversy is between citizens of different states, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. By this action, The Management Group seeks to recover an amount in excess of $75,000, including (1) all defense costs associated with the defense of the Underlying Lawsuit (defined below), which to date exceed $50,000, (2) all indemnity payments potentially owed under the Policy for the Underlying Lawsuit, including the alleged property damage of $24,504.00, punitive damages, and the attorneys' fees incurred by the Plaintiff in the Underlying Lawsuit, (3) all attorneys' fees and expenses The Management Group incurs in pursuit of this action, as allowed under O.C.G.A. § 33-4-6, and (4) statutory penalties under O.C.G.A. § 33-4-6.

## GENERAL ALLEGATIONS

*The QBE Policy*

7. QBE issued a commercial general liability insurance policy to The Management Group, Policy No. MA 1800000001500 ("Policy").

8. A true and correct copy of the Policy is attached as Exhibit "A."

9. Under the Policy, QBE agreed as follows:

1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

The Policy, Section I, Coverage A, Paragraph 1(a).

10. The Policy had a coverage term from August 1, 2018, through August 1, 2019.

*The Underlying Lawsuit*

11. On June 22, 2020, Jovan Hawkins filed a lawsuit against The Management Group, LLC and other defendants in the State Court of Fulton County, Georgia, styled as *Jovan Hawkins v. M.T.S Howell Ferry Gardens, LLC, The*

*Management Group, LLC, XYZ Company 1-3, and John Doe 1-3*, Civil Action File No. 20EV003388 (the "Underlying Lawsuit").

12. A true and correct copy of the Complaint in the Underlying Lawsuit is attached as Exhibit "B."

13. The Complaint in the Underlying Lawsuit alleges that "[i]n March of 2019, Mr. Hawkins moved into 1706 Wesley Plantation Road Duluth, Georgia 30096," executing a lease for Apartment 1706. *See* Ex. B ¶ 5-6.

14. It alleges that, at all times relevant, The Management Group was "responsible for managing, operating and performing maintenance of The Crest at Berkeley Lake, including, but not limited to the 1706 apartment." *Id*. ¶ 8.

15. According to the Complaint in the Underlying Lawsuit, "[o]n or about June 23, 2019, Mr. Hawkins was a tenant residing in the 1706 apartment when the fire system sprinkler went off inside the home at or about 1:00 am causing severe flooding to the entire unit." *Id*. ¶ 9.

16. The Complaint alleges that the cause of the flooding was determined to be a malfunctioning sprinkler head. *Id*. ¶ 10.

17. Mr. Hawkins alleges that he contacted the leasing office managed by The Management Group, advising it about the flooding and damage property, but

that from June 2018 through at least June 2019, The Management Group failed to make the proper repairs to prevent the premises from flooding. *Id*. ¶ 11-12.

    18.    The Underlying Lawsuit alleges Mr. Hawkins' damages as follows:

> Mold, mildew, **and/or water damage** appeared on Mr. Hawkins' clothes, shoes, furniture, electronics, and other personal property in the 1706 apartment during the June 23, 2019 flooding incident caused by the malfunctioning fire sprinkler system.
>
> The above-mentioned personal property had/has to be either cleaned at Plaintiffs expense, or disposed of then replaced at Plaintiffs expense.

*Id*. ¶¶ 13-14 (emphasis added).

    19.    In this way, the Underlying Lawsuit does not allege that the damages to the plaintiff's personal property would not have occurred, in whole or in part, "but for" the presence of mold or mildew.

    20.    The Underlying Lawsuit alleges that the water intrusion incident caused "water damage" to Mr. Hawkins' personal property independent of any mold or mildew.

    21.    The Underlying Lawsuit also alleges that the apartment developed an odor, that Mr. Hawkins was forced to move to various hotels for months, and that eventually The Management Group moved him into a different unit in the same neighborhood. *Id*. ¶¶ 15-17. However, the Underlying Lawsuit does not identify the cause of any alleged odor that developed in the apartment.

22. From these allegations, the plaintiff brings the following substantive claims against The Management Group: (1) failure to keep premises in repair; (2) failure to notify of prior flooding; (3) liability for damages; (4) negligence; and, (5) respondeat superior.

23. The Complaint in the Underlying Lawsuit alleges that Mr. Hawkins incurred damages to his personal property in the amount of $24,504.00. *Id*. ¶ 34.

24. The Underlying Lawsuit also seeks to recover punitive damages and attorney's fees from The Management Group.

*QBE Denies Coverage for the Underlying Lawsuit*

25. After being served with the Underlying Lawsuit, The Management Group tendered the defense of the Underlying Lawsuit to QBE.

26. The Management Group complied with all notice obligations under the Policy in notifying QBE of the Underlying Lawsuit.

27. The Underlying Lawsuit is a "suit" that seeks damages for "property damage" as those terms are defined in the Policy.

28. No exclusion in the Policy applies to exclude coverage for the Underlying Lawsuit.

29. Despite this, on July 10, 2020, QBE denied that coverage existed under the Policy for the Underlying Lawsuit.

30. As a result of this denial, The Management Group has incurred out of pocket for attorneys' fees and expenses relating to the defense of the Underlying Lawsuit.

31. In addition, The Management Group has incurred attorney's fees and expenses relating to its efforts to secure coverage under the Policy from QBE.

32. In total, The Management Group has incurred a total of $58,439.99 in attorneys' fees and expenses relating to the defense of the Underlying Lawsuit and in its ongoing efforts to secure coverage under the Policy.

*Bad-Faith Demand for Payment*

33. On September 16, 2020, The Management Group sent by certified mail a Demand for Payment Pursuant to O.C.G.A. § 33-4-6 ("Demand for Payment"), noting among other things that QBE's failure to pay for the defense of the Underlying Lawsuit was in bad faith under O.C.G.A. § 33-4-6.

34. In the Demand for Payment, The Management Group demanded that QBE pay the total outstanding amount of the legal fees and expenses incurred in defense of the Underlying Lawsuit within sixty days.

35. On October 6, 2020, QBE responded to The Management Group's Demand for Payment and refused to change its coverage position denying coverage under the Policy.

36. In doing so, QBE failed to comply with The Management Group's Demand for Payment and has continued to fail to pay any of the legal fees or expenses incurred by The Management Group in defense of the Underlying Lawsuit.

37. The Management Group continues to incur additional defense costs and expenses that QGE refuses to pay as the Underlying Lawsuit continues.

38. By refusing to defend The Management Group in the Underlying Lawsuit, QBE has improperly abandoned its insured in the Underlying Lawsuit.

## COUNT I
## BREACH OF CONTRACT

39. The Management Group hereby repeats and reincorporates Paragraph 1 through 38 as if fully set forth herein.

40. The Management Group has fulfilled its obligations under the Policy and has satisfied all conditions precedent.

41. QBE is required to pay on behalf of The Management Group all legal fees and expenses incurred in defense of the Underlying Action pursuant to the Policy.

42. QBE has breached the Policy by wrongfully refusing to defend The Management Group in the Underlying Action and by wrongfully refusing to pay

all reasonable defense costs associated with The Management Group's defense of the Underlying Lawsuit.

43. As a result of QBE's breach, The Management Group has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT II
## STATUTORY BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

44. The Management Group hereby repeats and reincorporates Paragraph 1 through 38 as if fully set forth herein.

45. On September 16, 2020, The Management Group's counsel sent QBE a letter by certified mail that fulfilled the requirements of O.C.G.A. § 33-4-6, demanding that QBE defend The Management Group in the Underlying Lawsuit.

46. Despite being provided an opportunity to comply with its contractual obligations and prior written agreement, QBE has continued to fail to defend and pay the total outstanding legal fees and expenses incurred by The Management Group in defense of the Underlying Lawsuit.

47. QBE's failure to pay the total legal fees and expenses incurred by The Management Group in defense of the Underlying Lawsuit is frivolous and unfounded, and without any reasonable basis in fact or law.

48.  QBE's failure to defend and pay the total legal fees and expenses incurred by The Management Group in defense of the Underlying Lawsuit constitutes bad faith under O.C.G.A. § 33-4-6.

49.  The Management Group provided QBE with sixty (60) days to comply with its contractual obligations before filing this action as required by O.C.G.A. § 33-4-6, but QBE failed to comply within sixty days.

50.  As a result, QBE is liable to The Management Group for all damages available under O.C.G.A. § 33-4-6, including a recovery of statutory penalties and its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, The Management Group, LLC respectfully requests it be granted judgment in its favor and against QBE for:

(a)  Monetary damages resulting from QBE's breach of contract;

(b)  Prejudgment interest;

(c)  Damages pursuant to O.C.G.A. § 33-4-6, including statutory penalties and reasonable attorneys' fees; and

(d)  and that the Court grant any other relief that it deems just and proper.

## JURY DEMAND

The Management Group, LLC hereby demands a trial by jury for all issues so triable that are raised in this Complaint.

Respectfully submitted, this 24th day of December, 2020.

                                          **FELLOWS LABRIOLA LLP**

                                           *s/Shattuck Ely*
                                          Shattuck Ely
                                          Georgia Bar No. 246944
                                          tely@fellab.com
                                          Michael Gretchen
                                          Georgia Bar No. 522171
                                          mgretchen@fellab.com

Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

                                          *Attorneys for The Management Group, LLC*